UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LENAWEE COUNTY
DRAIN COMMISSIONER,

        Plaintiff,

vs.

        Case No. 07-CV-14290
        HON. GEORGE CARAM STEEH

ENVIRONMENT ONE CORPORATION,

        Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT

Plaintiff Lenawee County Drain Commissioner (Lenawee County) has filed a motion for reconsideration of this Court's order dismissing this lawsuit and a motion to amend the complaint. The Court ordered defendant Environment One Corporation (Environment One) to respond to the motions and it has done so. The Court has carefully considered the papers filed by both parties. For the reasons stated below, Lenawee County's motion for reconsideration and to amend the complaint shall be denied.

In order to prevail on a motion for reconsideration, Lenawee County "must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." Local Rule 7.1(g). In its motion for reconsideration, Lenawee County reiterates the same arguments that this Court previously considered and rejected. Prior to entering its

original order of dismissal, this Court carefully reviewed the parties' competing briefs and heard oral argument on April 15, 2008.

In its motion for reconsideration, Lenawee County argues that the pump stations were defective at the time the contract was negotiated and that this defect was fraudulently concealed by the foam reinforcement design change. Lenawee County argues again, as it did in response to Environment One's motion to dismiss, that Environment One fraudulently concealed the existence of a cause of action by making the design change without disclosing it to Lenawee County. Environment One responds that the design change does not amount to the concealment of the existence of a cause of action. In order for fraudulent concealment to toll the statute of limitations, Lenawee County must demonstrate "that the defendant committed affirmative acts or misrepresentations that were designed to prevent subsequent discovery" of the existence of a cause of action. Sills v. Oakland Gen'l Hosp., 220 Mich. App. 303, 310 (1996), appeal denied, 456 Mich. 911 (1997). Taking all of Lenawee County's allegations as true, it still has not shown that it has a viable fraudulent concealment action.

Contrary to Lenawee County's motion for reconsideration, this Court did not require that a pump station failure occur within the 5-year warranty period. This Court accepted as true, for purposes of deciding the motion to dismiss, plaintiff's allegations that the pump stations were defective when the contract was negotiated, when they were built, and during the five-year warranty period. What the Court rejects is Lenawee County's argument that Environment One fraudulently concealed that plaintiff had a viable cause of action. While plaintiff's claim the addition of foam between the walls of

the pipe render the product "more defective," it has not explained how this change conceals a known cause of action. As such, its contractual claims are time-barred.

Lenawee County also alleges that this Court "assumed" that the foam reinforcement improved the product but this is untrue. The Court merely noted that the foam reinforcement may have been *intended* to improve the product.

Simply stated, plaintiff's claim of fraudulent concealment is solely predicated on a design change in the pipe with the addition of foam reinforcement. No facts are pled giving rise to a reasonable inference that this design change was undertaken to conceal a defect, much less a defect that was known to defendant.

Having found that the order of dismissal should be upheld, there is no pending lawsuit and Lenawee County's motion to amend must be denied as moot. Federal Rules of Civil Procedure 15(a)(2) provides that the "court should freely give leave when justice so requires." But the court must deny leave to amend where amendment would be futile. Foman v. Davis, 371 U.S. 178, 183 (1972). Lenawee County's restated allegations of fraud and negligent design are barred by the economic loss doctrine. Its breach of warranty and breach of contract claims are time-barred and are not tolled by the fraudulent concealment doctrine. Accordingly, its motion to amend the complaint must be denied as futile. For the reasons stated above,

IT IS ORDERED that Lenawee County's motion for reconsideration (Doc. 25)

and motion for leave to file a second amended complaint (Doc. 26) hereby are DENIED.

Dated: July 21, 2008

          s/George Caram Steeh
          GEORGE CARAM STEEH
          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 21, 2008, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---